IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WALDEN, # K-51005, | ) |
| | ) |
|                Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 13-cv-00854-MJR |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
|                Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff David Walden, an inmate currently incarcerated at Vienna Correctional Center ("Vienna"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). Plaintiff's claims arise from the conditions of his confinement at Vienna. Plaintiff seeks $50 million in damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action.

**The Complaint**

Plaintiff takes issue with the conditions of his confinement at Vienna, where he has been housed in Building #19 since September 21, 2012 (Doc. 1, p. 5). There, Plaintiff experienced conditions, virtually identical to numerous other Vienna plaintiffs, which he claims violate his legal rights and place him in danger. These conditions include exposure to asbestos, improper ventilation, leaky roofs, overflowing urinals, moldy showers, moldy food, and a shortage of functioning toilets. Birds fly into the fans and die while inmates dine in the chow hall. In addition, rodent droppings litter the kitchen and living quarters. Third shift correctional officers sleep instead of making rounds to check on inmates at night. Fire alarms go off at

random while prisoners are locked in their units, with no response from staff. Rival gang members and mental health patients are not separated from one another, or other inmates. Inmates are denied grievance forms, and face interference with their legal mail.

Plaintiff sues Vienna's warden, Randy Davis, for constitutional violations, gross negligence, and criminal malfeasance, among other things. Plaintiff seeks $50 million in damages (Doc. 1, p. 6).

## DISCUSSION

After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Plaintiff sues a state official. Therefore, all FTCA claims must be dismissed, with prejudice.

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Plaintiff's complaint focuses on an Eighth Amendment claim for unconstitutional conditions of confinement. The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). In order to prevail on this claim, Plaintiff must allege facts that, if true, would satisfy the objective and subjective

components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Plaintiff's complaint appears to satisfy the objective component of this test.

However, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Even at this early stage in litigation, Plaintiff's complaint fails to satisfy the subjective component of an Eighth Amendment claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an

individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  Plaintiff identifies Defendant Davis as the only defendant in the caption of his complaint.  However, Plaintiff does not mention Defendant Davis in the statement of his claim (Doc. 1, p. 5).  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Although he sues Defendant Davis in his individual capacity for money damages, Plaintiff does not allege that Defendant Davis was personally involved in a constitutional deprivation.  He does not allege that Defendant Davis was aware of the conditions identified in the complaint or exhibited deliberate indifference toward inmate health and safety.  The complaint fails to state a claim against Defendant Davis in his individual capacity.

Absent any individual liability, a warden could still be liable in his official capacity, but only for purposes of securing injunctive relief.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement).  However, Plaintiff does not request injunctive relief; further, the Eleventh Amendment bars official capacity claims for monetary damages.  *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).  Consequently, the complaint also fails to state an official capacity claim.

The Court finds that Plaintiff has also failed to state any other claim for relief in the complaint.  He throws out phrases, such as "gross negligence," "torque claim," "criminal malfeasance," etc.  Conclusory legal statements do not meet the pleading standards set forth under Rule 8 of the Federal Rules of Civil Procedure, nor do these statements provide enough

information to push these claims from the realm of "possible" to "plausible."

For these reasons, the complaint must be dismissed. Dismissal shall be without prejudice and with leave to file an amended complaint consistent with this order.

## **PENDING MOTIONS**

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 2). Along with this motion, Plaintiff submitted an affidavit stating that he has earned no income during the last twelve months and has no assets or cash on hand. Plaintiff has not tendered a certified copy of his inmate trust fund account statement. The Court has requested a trust fund account statement for the six-month period immediately preceding the filing of this case from Vienna. To date, the Court has not received the certified trust fund statement. Therefore, the Court has not received information sufficient to determine the amount of Plaintiff's initial partial payment.

Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives a certified trust fund account statement for the full six-month period preceding the filing of this case, the Court will enter an order authorizing the Trust Fund Officer at Vienna to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward the initial partial filing fee to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Vienna.

**DISPOSITION**

**IT IS HEREBY ORDERED** that all Federal Tort Claim Act claims and claims of negligence and gross negligence are **DISMISSED** with prejudice; Defendant **WARDEN RANDY DAVIS** is **DISMISSED** without prejudice; and this action is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that on or before **October 15, 2013**, Plaintiff shall file an amended complaint. Failure to file an amended complaint may result in the dismissal of this action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 12, 2013**

s/ MICHAEL J. REAGAN
United States District Judge